UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARIA CARATTINI,

                                Plaintiff,

             -against-

NEW YORK CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE ("Department"), THOMAS R.
FRIEDEN, Commissioner of the Department; NORMA S.
TORRES, the Department's Director of Veterinary Public
Health Services; and the CITY OF NEW YORK,

                                Defendants.

**CITY DEFENDANTS' ANSWER**

No. 08 CV 4563 (DAB)(RLE)

------------------------------------------------------------------------ x

        Defendants, the NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE ("DOHMH"), THOMAS R. FRIEDEN, as Commissioner of DOHMH, NORMA S. TORRES, as DOHMH's Director of Veterinary Public Health Services and the CITY OF NEW YORK (collectively "City Defendants"), by their attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, for their answer to the complaint, allege the following, upon information and belief:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, and aver that plaintiff's dog (the "Dog") is not being held by City Defendants and has been conditionally returned to plaintiff.

        2.      Deny the allegations set forth in the first unnumbered paragraph, except admit that after the Dog bit two thirteen-year-old boys the New York City Police Department ("NYPD") took the dog to the Animal Care & Control of New York City ("AC&C").

3. Deny the allegations set forth in the second unnumbered paragraph, and aver that City defendants had many discussions with plaintiff and her counsel regarding the circumstances under which the Dog would be released.

4. Deny the allegations set forth in the third unnumbered paragraph, and respectfully refer the Court to Section 161.07 of the New York City Health Code ("Health Code") for its full text and true meaning.

5. Deny the allegations set forth in the fourth unnumbered paragraph, and respectfully refer the Court to Section 161.07 of the New York City Health Code and Section 121 of the New York Agriculture & Markets Law for their full text and true meaning.

6. Deny the allegations set forth in the fifth unnumbered paragraph, except admit that plaintiff purports to proceed as set forth therein.

7. Admit the allegations set forth in paragraph "2" of the complaint.

8. Admit the allegations set forth in paragraph "3" of the complaint.

9. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

10. Deny the allegations set forth in paragraph "5" of the complaint.

11. Deny the allegations set forth in paragraph "6" of the complaint.

12. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

13. Admit the allegations set forth in paragraph "8" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that DOHMH records indicate that plaintiff is the owner of the Dog.

15. Deny the allegations set forth in paragraph "10" of the complaint, and respectfully refer the court to Section 556 of the New York City Charter ("City Charter") and Section 161.03 of the Health Code for their full text and true meaning.

16. Admit the allegations set forth in paragraph "11" of the complaint.

17. Admit the allegations set forth in the first sentence in paragraph "12" of the complaint. Deny the allegations set forth in the second sentence in paragraph "12" of the complaint, and aver that Norma S. Torres, as DOHMH's Director of the Office of Veterinary Public Health Services, oversees the response to reports received from the NYPD and from health care providers about dog and other animal bites.

18. Admit the allegations set forth in paragraph "13" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that DOHMH records indicate that plaintiff is the owner of the Dog.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

21. Deny the allegations set forth in the first sentence in paragraph "16" of the complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence in paragraph "16" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admit that on March 3, 2008 the Dog ran out of the house and attacked and injured two thirteen year old children.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was informed of the incident on March 3, 2008.

26. Deny the allegations set forth in paragraph "21" of the complaint, except admit that after the Dog attacked and injured two thirteen year old children near the 134-01 Sitka Street, Ozone Park, New York (the "subject premises"), the NYPD took the Dog to AC&C.

27. Deny the allegations set forth in the first sentence of paragraph "22" of the complaint, except admit that in a letter dated March 4, 2008, AC&C notified plaintiff that the Dog, which was unlicensed, unvaccinated against rabies and not neutered, was being held by AC&C for Rabies observation. Deny the allegations set forth in the second and third sentences of paragraph "22" of the complaint, except admit that the Hold Release Form can be used by individuals to surrender their animals to AC&C.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence in paragraph "23" of the complaint. Deny the allegations set forth in the second sentence in paragraph "23" of the complaint. Deny the allegations set forth in the third and fourth sentences in paragraph "23" of the complaint, and aver that the March 4, 2008 letter notified plaintiff to contact DOHMH in regards to reclaiming the Dog.

29. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff and Ms. Torres had discussions in March 2008 regarding the Dog.

30. Deny the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff and Ms. Torres had discussions in March 2008 regarding the Dog and admit that DOHMH permitted plaintiff to visit the Dog.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence in paragraph "26" of the complaint. Deny the allegations set forth in the second and third sentences in paragraph "26" of the complaint, except admit that plaintiff and Ms. Torres had discussions and plaintiff visited the Dog in March 2008. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence in paragraph "26" of the complaint.

32. Deny the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff's attorney and Ms. Torres had discussions in March 2008 regarding the Dog and admit that DOHMH sent a letter dated March 24, 2008 to plaintiff, and respectfully refer the Court to that letter for its full text and true meaning.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admit that Jeff Kolbjornsen visited the Dog at AC&C in March or April 2008 and prepared an evaluation report of the Dog that was submitted to DOHMH.

35. Deny the allegations set forth in the first sentence in paragraph "30" of the complaint. Deny the allegations set forth in the second sentence in paragraph "30" of the complaint, except admit that plaintiff proceeded as set forth therein. Deny the allegations set forth in the third and fourth sentences in paragraph "30" of the complaint, except admit that

DOHMH issued a Petition and Notice of Hearing regarding the Dog and aver that although the hearing was scheduled for May 8, 2008, the hearing was adjourned to May 28, 2008, as per plaintiff's request.

36. Deny the allegations set forth in paragraph "31" of the complaint.

37. Deny the allegations set forth in paragraph "32" of the complaint.

38. Deny the allegations set forth in paragraph "33" of the complaint.

39. Deny the allegations set forth in paragraph "34" of the complaint.

40. Deny the allegations set forth in paragraph "35" of the complaint.

41. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "35," inclusive, of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "37" of the complaint.

43. Deny the allegations set forth in paragraph "38" of the complaint.

44. Deny the allegations set forth in paragraph "39" of the complaint.

45. Deny the allegations set forth in paragraph "40" of the complaint.

46. Deny the allegations set forth in paragraph "41" of the complaint.

47. Deny the allegations set forth in paragraph "42" of the complaint.

48. Deny the allegations set forth in paragraph "43" of the complaint, and respectfully refer the Court to Section 161.07 of the Health Code for its full text and true meaning.

49. Deny the allegations set forth in paragraph "44" of the complaint, and respectfully refer the Court to Section 161.07 of the Health Code for its full text and true meaning.

50. Deny the allegations set forth in paragraph "45" of the complaint, and respectfully refer the Court to Section 161.07 of the Health Code for its full text and true meaning.

51. Deny the allegations set forth in paragraph "46" of the complaint.

52. Deny the allegations set forth in paragraph "47" of the complaint.

53. Deny the allegations set forth in paragraph "48" of the complaint.

54. Deny the allegations set forth in paragraph "49" of the complaint.

55. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "49," inclusive, of this answer, as if fully set forth herein.

56. Neither admit nor deny the allegations set forth in paragraph "51" of the complaint as it constitutes argument or conclusions of law to which no response is required; if a response is required, defendants deny said allegations.

57. Deny the allegations set forth in paragraph "52" of the complaint, except admit that the NYPD took the Dog to AC&C after it attacked and injured two thirteen year old children near the subject premises.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

59. Deny the allegations set forth in paragraph "54" of the complaint.

60. Deny the allegations set forth in paragraph "55" of the complaint, and respectfully refer the court to 42 U.S.C. § 1983 for its full text and true meaning.

61. Deny the allegations set forth in paragraph "56" of the complaint.

62. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "61," inclusive, of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "58" of the complaint, and respectfully refer the Court to Article I, Section 6 of the New York State Constitution for its full text and true meaning.

64. Deny the allegations set forth in paragraph "59" of the complaint; and defendants repeat and re-allege the responses set forth in paragraphs "43" through "50," inclusive, of this answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph "60" of the complaint, and respectfully refer the Court to Article I, Section 6 of the New York State Constitution for its full text and true meaning; and defendants repeat and re-allege the responses set forth in paragraphs "51" through "54," inclusive, of this answer, as if fully set forth herein.

66. Deny the allegations set forth in paragraph "61" of the complaint.

67. In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "61," inclusive, of this answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "63" of the complaint, and respectfully refer the Court to Article I, Section 12 of the New York State Constitution for its full text and true meaning.

69. Neither admit nor deny the allegations set forth in paragraph "64" of the complaint as it constitutes argument or conclusions of law to which no response is required; if a response is required, defendants deny said allegations.

70. Deny the allegations set forth in paragraph "65" of the complaint, except admit that the NYPD took the Dog to AC&C after it attacked and injured two thirteen year old children near the subject premises.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

72. Deny the allegations set forth in paragraph "67" of the complaint, and respectfully refer the Court to Article I, Section 12 of the New York State Constitution for its full text and true meaning.

73. Deny the allegations set forth in paragraph "68" of the complaint.

74. In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "68," inclusive, of this answer, as if fully set forth herein.

75. Deny the allegations set forth in paragraph "70" of the complaint, and respectfully refer the court to Section 161.07 of the Health Code for its full text and true meaning.

76. Deny the allegations set forth in paragraph "71" of the complaint, and respectfully refer the court to Section 161.07 of the Health Code for its full text and true meaning.

77. Deny the allegations set forth in paragraph "72" of the complaint, and respectfully refer the court to Section 161.07 of the Health Code for its full text and true meaning.

78. Deny the allegations set forth in paragraph "73" of the complaint, and respectfully refer the court to Section 161.07 of the Health Code for its full text and true meaning.

79. Deny the allegations set forth in paragraph "74" of the complaint, and respectfully refer the court to Section 161.07 of the Health Code for its full text and true meaning.

80. Deny the allegations set forth in paragraph "75" of the complaint, and respectfully refer the court to Section 161.07 of the Health Code for its full text and true meaning.

81. Deny the allegations set forth in paragraph "76" of the complaint.

82. In response to the allegations set forth in paragraph "77" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" through "76," inclusive, of this answer, as if fully set forth herein.

83. Deny the allegations set forth in paragraph "78" of the complaint, except admit that the NYPD took the Dog to AC&C after it attacked and injured two thirteen year old children near the subject premises.

84. Deny the allegations set forth in paragraph "79" of the complaint, and aver that DOHMH conditionally returned the Dog to plaintiff.

85. Deny the allegations set forth in paragraph "80" of the complaint, and aver that the NYPD took the Dog to AC&C after it attacked and injured two thirteen year old children near the subject premises.

86. Deny the allegations set forth in paragraph "81" of the complaint.

87. Deny the allegations set forth in paragraph "82" of the complaint.

88. Deny the allegations set forth in paragraph "83" of the complaint, and respectfully refer the Court to Section 161.07 of the Health Code for its full text and true meaning.

89. Deny the allegations set forth in paragraph "84" of the complaint, and respectfully refer the Court to Section 161.07 of the Health Code for its full text and true meaning.

90. Deny the allegations set forth in paragraph "85" of the complaint, and aver that DOHMH conditionally returned the Dog to plaintiff.

91. Deny the allegations set forth in paragraph "86" of the complaint.

92. Deny the allegations set forth in paragraph "87" of the complaint.

93. In response to the allegations set forth in paragraph "88" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "87," inclusive, of this answer, as if fully set forth herein.

94. Deny the allegations set forth in paragraph "89" of the complaint, and respectfully refer the Court to Section 121 of the New York Agriculture and Markets Law for its full text and true meaning.

95. Neither admit nor deny the allegations set forth in paragraph "90" of the complaint as it constitutes argument or conclusions of law to which no response is required; if a response is required, defendants deny said allegations.

96. Deny the allegations set forth in paragraph "91" of the complaint, and respectfully refer the Court to Section 161.07 of the Health Code for its full text and true meaning..

97. Deny the allegations set forth in paragraph "92" of the complaint.

98. Deny the allegations set forth in paragraph "93" of the complaint.

99. Deny the allegations set forth in paragraph "94" of the complaint.

100. In response to the allegations set forth in paragraph "95" of the complaint, defendants repeat and re-allege the responses set forth in paragraph "1" through "99," inclusive, of this answer, as if fully set forth herein.

101. Deny the allegations set forth in paragraph "96" of the complaint.

102. Deny the allegations set forth in paragraph "97" of the complaint, and aver that DOHMH has conditionally returned the Dog to plaintiff.

103. Deny the allegations set forth in paragraph "98" of the complaint, and aver that DOHMH has returned the Dog to plaintiff.

104. Deny the allegations set forth in paragraph "99" of the complaint.

105. In response to the allegations set forth in paragraph "100" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" through "104," inclusive, of this answer, as if fully set forth herein.

106. Deny the allegations set forth in paragraph "101" of the complaint.

107. Deny the allegations set forth in paragraph "102" of the complaint.

108. Deny the allegations set forth in paragraph "103" of the complaint.

109. Deny the allegations set forth in paragraph "104" of the complaint.

110. Deny the allegations set forth in paragraph "105" of the complaint.

## AS AND FOR A FIRST DEFENSE:

111. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

112. Defendants did not commit any wrongful or unlawful act(s) against plaintiff. Accordingly, defendants are not responsible for any alleged damage(s) to plaintiff.

### AS AND FOR A THIRD DEFENSE:

113. Defendants fully complied with all local, state and federal laws and statutes.

### AS AND FOR A FOURTH DEFENSE:

114. Plaintiff's claim for injunctive relief is moot.

### AS AND FOR A FIFTH DEFENSE:

115. Plaintiff lacks standing to pursue any claims against defendants.

### AS AND FOR A SIXTH DEFENSE:

116. Any damage(s) allegedly sustained by plaintiff were due to acts or omissions of parties over whom defendants do not control.

### AS AND FOR A SEVENTH DEFENSE:

117. The damage(s) and attorney's fees and/or costs sought by plaintiff is so disproportionate to the lack of actual harm that such recovery is prohibited by law.

### AS AND FOR A SEVENTH DEFENSE:

118. Defendants have not violated any rights, privileges or immunities reserved to plaintiff by the constitutions or laws of the United States or the State of New York, nor have they violated any act of Congress providing for the protection of civil rights.

### AS AND FOR AN EIGHTH DEFENSE:

119. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of parties other than the defendants.

### AS AND FOR A NINTH DEFENSE:

120. At all times relevant herein, the Commissioner and the Director of the Office of Veterinary Public Health Services of DOHMH acted within their scope of their

employment and in a good faith belief that their actions were lawful, proper and constitutional, and did not violate any clearly established rights of which a reasonable person would have known at the time.

**WHEREFORE**, defendants demand judgment dismissing the complaint, awarding them costs and disbursements in this action, including reasonable attorneys' fees, and granting such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 11, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendants

BY: _____
      Jacqueline Hui
      Assistant Corporation Counsel
      100 Church Street, Room 5-178
      New York, N.Y. 10007
      Tel: (212) 788-0817
      Fax: (212) 791-9714
      jahui@law.nyc.gov